IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cr36

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| FREDERICK BERNARD HENDERSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Suppress (Doc. No. 11).

The defendant made his initial appearance in federal court on February 16, 2011, and counsel for the defendant was appointed the next day. (Doc. No. 3: CJA 20). Following arraignment on February 22, 2011, a magistrate judge issued a Scheduling Order setting a trial date of April 4, 2011, and a pretrial motions deadline of 60 days following entry of the Order.[1] (Doc. No. 5). The trial date was continued (Doc. No. 9: Order) on the defendant's motion (Doc. No. 8: Motion), which made no request to extend the motion deadline. The defendant filed the instant motion on May 23, 2011. The trial date is June 6, 2011.

Rule 12(c) of the Federal Rules of Criminal Procedure allows courts to set deadlines for filing pretrial motions, including motions to suppress. Here, the defendant filed his motion nearly one month after the deadline stated in the Scheduling Order and only nine business days prior to the scheduled trial date.[2] The defendant did not request leave to file the motion late, nor

---

[1]Paragraph Four of that Order states:
All pretrial motions must be in writing and must be filed within sixty (60) days from the date of this Arraignment Order, or the date on which counsel is appointed or makes a general appearance, whichever occurs last. Motions not timely filed will be summarily denied.

[2]The Court ordinarily allows the government ten business days to respond to a motion to suppress. NCWD Local Rules of Criminal Procedure 47.1.

did he state any cause for doing so.[3] Accordingly, the motion is subject to dismissal. <u>United States v. Johnson</u>, 953 F.2d 110, 115-116 (4th Cir. 1991).

**IT IS, THEREFORE, ORDERED,** that the defendant's motion to suppress is DENIED without prejudice.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney.

Signed: June 6, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] A court may grant relief for good cause where party waives a Rule 12(b)(3) issue by failing to comply with a Rule 12(c) deadline. Fed. R. Crim. P. 12(e).